**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL RODRIGUEZ-RODRIGUEZ,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Case No.: 16-cr-0374-W<br>     17-cv-0513<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [DOC. 29]** |

  Petitioner Gabriel Rodriguez-Rodriguez, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (the "Petition"). (*See Petition* [Doc. 29].) Respondent United States of America opposes. (*See Opp'n* [Doc. 39].)

  The Court decides the matter on the papers submitted and without oral argument. See Civ. L. Rule 7.1(d)(1). For the reasons discussed below, the Court **DENIES** Petitioner's Petition. [Doc. 29.]

//

//

1

## I. BACKGROUND

On or about January 30, 2016, United States Border Patrol agents arrested Petitioner, an alien previously removed from the United States, for re-entering the United States in violation of 18 U.S.C. § 1326. On February 25, 2016, Petitioner agreed to waive indictment to an information charging him with being a removed alien found in the United States in violation of 18 U.S.C § 1326(a) and (b). (*See Complaint* [Doc. 1]; *Waiver of Indictment* [Doc. 9].)

On March 28, 2016, Petitioner plead guilty pursuant to a plea agreement for being a removed alien found in the United States in violation of 18 U.S.C. § 1326. (*See Plea Agreement* [Doc. 14].[1]) As part of the plea agreement, Petitioner agreed to waive his right to appeal. (*See id.* at ¶ XI.) On July 5, 2016, this Court sentenced Petitioner to 37 months in custody followed by two years of supervised release. (*See Judgment* [Doc. 22].)

Petitioner appealed the sentence on October 12, 2016, contending that his trial counsel failed to object to certain factors used to determine his sentence, and failed to file a notice of appeal pursuant to his request. (*See Notice of Appeal* [Doc. 23].) The Ninth Circuit dismissed the appeal as untimely. (*See 1/11/17 Order of USCA* [Doc. 27].)

On March 14, 2017, Petitioner filed the Petition alleging ineffective assistance of counsel. On June 6, 2017, Respondent filed a motion for a limited waiver of the attorney-client privilege for the purpose of responding to the Petition. (*See Mot.* [Doc. 36].) On June 9, 2017, the Court granted Respondent's motion as it found Petitioner waived the attorney-client privilege with respect to claims asserted in the Petition, ordered Petitioner's trial counsel to provide a declaration addressing the claims, and issued a new briefing schedule on the Petition. (*See Waiver Order* [Doc. 37].)

---

[1] The Plea Agreement is also attached to Respondent's Opposition as Exhibit 3 [Doc. 39-3].

2

On September 22, 2017, Respondent filed its opposition, including Petitioner's trial counsel's declaration as an exhibit. On October 16, 2017, Petitioner filed his reply.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). But this remedy does not encompass all claimed errors in conviction and sentencing. Id. at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

## III. DISCUSSION

### A. The Petition Lacks Merit.

Petitioner argues that he is entitled to vacate, set aside, or correct his sentence because, among other things, his attorney provided ineffective assistance by: (1) failing to review the plea agreement with Petitioner; (2) failing to file an appeal; and, (3) failing to object to a 12 level sentencing enhancement for a previous state law drug conviction and

3

the validity of his deportation pursuant to that conviction.[2] (*Pet.* 5, 14.) Respondent argues that Petitioner has failed to establish a valid claim for ineffective assistance of counsel. (*Opp'n* at 4:8-12.)

A defendant can waive the right to file a §2255 motion if a plea agreement waives the right to collateral attack, and the waiver is knowingly and voluntarily made. United States v. Leniear, 574 F.3d 668, 672 n.3 (9th Cir. 2009). However, a defendant has the possibility of collaterally attacking his sentence when a §2255 motion is based on ineffective assistance of counsel, as it relates to a plea agreement. Middleton v. United States, 46 F.3d 1143 at *1 (9th Cir. 1995).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction. First, petitioner must show that counsel's performance was deficient. Id. at 687. In order to prove deficient performance, petitioner must demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In other words, petitioner must demonstrate that counsel's representation fell below an *objective* standard of reasonableness, considering all the circumstances presented in a particular case. Id. at 688. The Supreme Court further elaborated that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 699.

The second prong of the Strickland test requires petitioner to prove that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In order to prove prejudice, petitioner must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. Id. Otherwise stated, the petitioner must

---

[2] Petitioner's Petition also claims ineffective assistance of counsel for failing to object to a two point sentencing enhancement due to Petitioner being on probation at the time of the offense. (*Pet.* 9.) However, Petitioner concedes this issue in his Reply. (*Reply* 3.)

4

demonstrate that there is a reasonable probability that, but for counsel's defective assistance, the result of the proceeding would have been different. Id. at 694.

First, Petitioner asserts his attorney failed to communicate the contents of the plea agreement with him. (*Pet.* 14.) Specifically, Petitioner contends the plea agreement was not explained to him in Spanish, and therefore he was unaware the agreement waived his right to appeal. (*Reply* 2.) Petitioner's claim, however, is not consistent with the record. Contrary to Petitioner's claim, his trial counsel has submitted a declaration asserting he always reviews plea agreements with his clients, and accordingly reviewed Petitioner's plea agreement with him before submitting it to Respondent. (*Rexrode Supplemental Decl.* [Doc. 39-1] ¶ 2.) Consistent with trial counsel's declaration, Petitioner acknowledged at his change of plea hearing that the plea agreement was read to him in Spanish, he understood the contents of the agreement, and he had enough time to discuss the agreement with his attorney. (*Opp'n*, Ex.21 ("Plea Transcript" [Doc. 39-2]) 4:13–21.)

Next, Petitioner claims his counsel was ineffective for failing to file an appeal after asking for counsel to do so. (*Pet.* 5.) In his plea agreement, Petitioner waived all rights to appeal, except for a collateral attack based on ineffective assistance of counsel or if the court imposed a sentence above the high end of the guideline range. (*Plea Agreement* [Doc. 14] 11:3–9). Petitioner was sentenced to 37 months, which is the low end of the guidelines, so Petitioner has no right to appeal based on the length of his sentence. (*Opp'n*, Ex.4 ("Sentencing Transcript" [Doc. 39-4]) 7:12–22.) Further, Petitioner's trial counsel's declaration states there is no record of Petitioner requesting for him to file an appeal, and regardless, his practice is to file a notice of appeal when requested by a client, even if the client waived appeal in a plea agreement and the client has been counseled against appealing. (*Rexrode Decl.* [Doc. 39-6] ¶ 2.)

Finally, Petitioner alleges ineffective assistance based on his counsel's failure to contest a 12 level sentencing enhancement for a prior drug trafficking conviction, and for

5

16-cr-0374-W
17-cv-0513

not challenging the validity of his deportation pursuant to that conviction. (*Pet.* 8, 14). Petitioner's trial counsel's declaration states he reviewed Petitioner's state conviction for possession of a controlled substance for sale, determined it qualified for the 12 level enhancement, and determined state records showed the state court twice informed Petitioner his plea would result in deportation. (*Rexrode Decl.* ¶ 2.) Petitioner's trial counsel's evaluation also determined there was no basis to contest Petitioner's removal from the United States based on due process. (*Id.*) State records confirm at the time of Petitioner's nolo contendere plea, Petitioner was informed his plea would result in deportation. (*Opp'n*, Ex.7 ("California "Nolo" Plea Transcript" [Doc. 39-7]) 11.)

As there is no basis to conclude Petitioner's trial counsel's conduct fell below an objective standard of reasonableness, the Court finds his ineffective assistance of counsel claims lack merit. See Strickland, 466 U.S. at 687. Regardless, Petitioner's claim attacking the sentencing levels and validity of his deportation are not valid claims for ineffective assistance in a §2255 motion. Petitioner was advised of the maximum sentence he could face under the plea agreement, and as previously determined, entered that agreement knowingly and voluntarily with effective assistance of counsel. Petitioner's claims attacking the factors contributing to his sentence therefore are the sort of collateral attacks prohibited by his plea agreement. Because Petitioner entered the plea agreement knowingly and voluntarily, and waived his right to appeal or challenge his sentence, this Court lacks jurisdiction to consider any collateral challenge to his conviction and sentence. See United States v. Harris, 628 F.3d 1203, 1207 (9th Cir. 2011) (recognizing that if sentencing stipulation's waiver of the right to appeal was valid, the court need not consider Petitioner's remaining claims).

//
//
//

6

16-cr-0374-W
17-cv-0513

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion to vacate, set aside, or correct his sentence [Doc. 29].

**IT IS SO ORDERED.**

Dated: February 23, 2018

Hon. Thomas J. Whelan
United States District Judge