# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RODRIGUEZ-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 16-cr-0374-W<br>17-cv-0513<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On February 23, 2018, this Court denied Petitioner Gabriel Rodriguez-Rodriguez's motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (the "Petition" [Doc. 29]). (*See Order Denying Mt. to Vacate, Set Aside, or Correct Sentence* [Doc. 42].) On April 16, 2018, Petitioner appealed the order and filed a motion for a certificate of appealability ("COA"). (*See Notice of Appeal & Mt. for COA* [Docs. 43, 44].) On May 3, 2018, the Court of Appeal ordered this court to decide Petitioner's motion. (*See USCA Order* [Doc. 46].) For the reasons that follow, the Court **DENIES** Petitioner's request for a COA.

1

## I. BACKGROUND

On or about January 30, 2016, United States Border Patrol agents arrested Petitioner, an alien previously removed from the United States, for re-entering the United States in violation of 18 U.S.C. § 1326. On February 25, 2016, Petitioner agreed to waive indictment to an information charging him with being a removed alien found in the United States in violation of 18 U.S.C § 1326(a) and (b). (*See Complaint* [Doc. 1]; *Waiver of Indictment* [Doc. 9].)

On March 28, 2016, Petitioner plead guilty pursuant to a plea agreement for being a removed alien found in the United States in violation of 18 U.S.C. § 1326. (*See Plea Agreement* [Doc. 14].[1]) As part of the plea agreement, Petitioner agreed to waive his right to appeal. (*Id.* ¶ XI.) On July 5, 2016, this Court sentenced Petitioner to 37 months in custody followed by two years of supervised release. (*See Judgment* [Doc. 22].)

Petitioner appealed the sentence on October 12, 2016, contending that his trial counsel failed to object to certain factors used to determine his sentence, and failed to file a notice of appeal pursuant to his request. (*See Notice of Appeal* [Doc. 23].) The Ninth Circuit dismissed the appeal as untimely. (*See 1/11/17 USCA Order* [Doc. 27].)

On March 14, 2017, Petitioner filed the Petition alleging ineffective assistance of counsel. On June 6, 2017, Respondent filed a motion for a limited waiver of the attorney-client privilege for the purpose of responding to the Petition. (*See Mot.* [Doc. 36].) On June 9, 2017, the Court granted Respondent's motion as it found Petitioner waived the attorney-client privilege with respect to claims asserted in the Petition, ordered Petitioner's trial counsel to provide a declaration addressing the claims, and issued an amended briefing schedule on the Petition. (*See Waiver Order* [Doc. 37].)

---

[1] The Plea Agreement is also attached to Respondent's Opposition as Exhibit 3 [Doc. 39-3].

2

On September 22, 2017, Respondent filed its opposition, including Petitioner's trial counsel's declaration as an exhibit. On October 16, 2017, Petitioner filed his reply. On February 23, 2018, this Court denied the Petition. Petitioner now requests a COA.

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 State. 1214 (1996) ("AEDPA"), a federal prisoner may not appeal the denial of a section 2255 habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2255 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under the AEDPA). In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that: (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000)); Barefoot v. Estelle, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." Lambright, 220 F.3d at 1025 (citation omitted).

## III. ANALYSIS

Petitioner moved to vacate, set aside, or correct his sentence on the ground that his attorney provided ineffective assistance by: (1) failing to review the plea agreement with Petitioner; (2) failing to file an appeal; and, (3) failing to object to a 12 level sentencing

3

enhancement for a previous state law drug conviction and the validity of his deportation pursuant to that conviction.[2] (*Pet.* 5, 14.)

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction. First, petitioner must show that counsel's performance was deficient. Id. at 687. In order to prove deficient performance, petitioner must demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In other words, petitioner must demonstrate that counsel's representation fell below an *objective* standard of reasonableness, considering all the circumstances presented in a particular case. Id. at 688. The Supreme Court further elaborated that there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 699.

The second prong of the Strickland test requires petitioner to prove that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In order to prove prejudice, petitioner must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. Id. Otherwise stated, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's defective assistance, the result of the proceeding would have been different. Id. at 694.

Petitioner's first theory in support of the ineffective assistance of counsel claim is that his attorney failed to communicate the contents of the plea agreement with him. (*Pet.* 14.) Specifically, Petitioner contends the agreement was not explained to him in Spanish, and therefore he was unaware the agreement waived his right to appeal. (*Reply* 2.)

---

[2] Petitioner waived his right to file a §2255 motion in the plea agreement. (*See Plea Agreement* ¶ XI.) However, a defendant may collaterally attack his sentence when the §2255 motion is based on ineffective assistance of counsel, as it relates to a plea agreement. Middleton v. United States, 46 F.3d 1143 at *1 (9th Cir. 1995).

4

Petitioner's claim, however, is contradicted by the record. Petitioner's trial counsel stated in his declaration that he always reviews plea agreements with his clients, and accordingly reviewed Petitioner's plea agreement with him before submitting it to Respondent. (*Rexrode Supplemental Decl.* [Doc. 39-1] ¶ 2.) Consistent with trial counsel's declaration, Petitioner acknowledged to the Court at his change of plea hearing that the plea agreement was read to him in Spanish, he understood the contents of the agreement, and he had enough time to discuss the agreement with his attorney. (*Opp'n*, Ex.21 ("Plea Transcript" [Doc. 39-2]) 4:13–21.)

Next, Petitioner claims his counsel was ineffective for failing to file an appeal. (*Pet.* 5.) The problem with this argument is Petitioner's plea agreement, which waived all rights to appeal, except for a collateral attack based on ineffective assistance of counsel or if the court imposed a sentence above the high end of the guideline range. (*Plea Agreement* [Doc. 14] 11:3–9). As an initial matter, according to Petitioner's trial counsel's declaration, there is no record of Petitioner requesting an appeal, and counsel's practice is to file a notice of appeal when requested by a client, even if the client waived appeal in a plea agreement and the client has been counseled against appealing. (*Rexrode Decl.* [Doc. 39-6] ¶ 2.) Regardless, and more importantly, because Petitioner was sentenced to 37 months—which is the low end of the guidelines—he has no right to appeal based on the length of his sentence. (*Opp'n*, Ex.4 ("Sentencing Transcript" [Doc. 39-4]) 7:12–22.)

Finally, Petitioner alleges ineffective assistance based on his counsel's failure to contest a 12 level sentencing enhancement for a prior drug trafficking conviction, and for not challenging the validity of his deportation pursuant to that conviction. (*Pet.* 8, 14). Petitioner's trial counsel's declaration states he reviewed Petitioner's state conviction for possession of a controlled substance for sale, determined it qualified for the 12 level enhancement, and determined state records showed the state court twice informed Petitioner that his plea would result in deportation. (*Rexrode Decl.* ¶ 2.) Petitioner's trial

5

counsel's evaluation also determined there was no basis to contest Petitioner's removal from the United States based on due process. (*Id.*) Moreover, state records confirm that at the time of Petitioner's nolo contendere plea, he was informed his plea would result in deportation.[3] (*Opp'n*, Ex.7 ("California "Nolo" Plea Transcript" [Doc. 39-7]) 11.)

For the above reasons, there is no basis to conclude that Petitioner's trial counsel's conduct fell below an objective standard of reasonableness and, therefore, Petitioner's ineffective assistance of counsel claim lacks merit. See Strickland, 466 U.S. at 687. Moreover, because Petitioner entered the Plea Agreement knowingly and voluntarily, and waived his right to appeal or challenge his sentence, this Court lacked jurisdiction to consider any other collateral challenge to his conviction and sentence. See United States v. Harris, 628 F.3d 1203, 1207 (9th Cir. 2011) (recognizing that if sentencing stipulation's waiver of the right to appeal was valid, the court need not consider Petitioner's remaining claims).

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court finds the issues presented in the Petition were neither debatable among jurists of reason, nor would another court resolve the issues in a different manner. Accordingly, Petitioner's request for a COA [Doc. 44] is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 8, 2018

Hon. Thomas J. Whelan
United States District Judge

---

[3] Petitioner's Petition also claims ineffective assistance of counsel for failing to object to a two point sentencing enhancement due to Petitioner being on probation at the time of the offense. (*Pet.* 9.) However, Petitioner conceded this issue in his Reply. (*Reply* 3.)

6