# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RODRIGUEZ-RODRIGUEZ,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Case No.: 16-CR-0374 W<br>17-CV-0513 W<br><br>**ORDER:**<br>**(1) GRANTING IN-PART THE PETITION AND JUDGMENT IN CIVIL CASE;**<br>**(2) RELIEVING COUNSEL;**<br>**(3) REFERRING TO MAGISTRATE JUDGE FOR APPOINTMENT OF COUNSEL; AND**<br>**(4) VACATING AND RE-ENTRY OF JUDGMENT IN CRIMINAL CASE** |

On March 14, 2017, Petitioner Gabriel Rodriguez-Rodriguez filed a motion to vacate under 28 U.S.C. § 2255 (the "Petition" [Doc. 29]). Petitioner argued, among other things that his sentence should be vacated, set aside or corrected because his attorney provided ineffective assistance by failing to file an appeal. (*Pet*. 5, 14.)

On February 23, 2018, this Court rejected Petitioner's argument and denied the Petition. (*See Order* [Doc. 42].) The Order found that Petitioner's argument lacked merit because: (1) Petitioner waived his right to appeal in the Plea Agreement; and (2) Petitioner's attorney filed a declaration stating there "is no record of Petitioner requesting

for him to file an appeal, and regardless, his practice is to file a notice of appeal when requested by a client," even if the client's plea agreement waived the right to appeal. (*Id.* 5:15–25.)

Four days after this Court denied the Petition, the Supreme Court decided Garza v. Idaho, 586 U.S. __, 2019 WL 938523 (2019). There, the Court held that in the context of an ineffective assistance of counsel claim, prejudice is presumed where counsel fails to file a notice of appeal despite the client's express instructions, regardless of whether the client signed an appeal waiver. Id. * 8.

In light of Garza, on March 15, 2019, the Ninth Circuit ordered the Government to show cause why this Court's Order should not be vacated, and the case remanded for "consideration of whether an evidentiary hearing is necessary to resolve the conflicting statements of fact set forth in appellant's verified section 2255 motion and counsel's declaration…." (*9th Cir. Order* [Doc. 49]. p. 1.) The Government did not object to the remand, and the Ninth Circuit vacated the Order and remanded the case for further proceedings consistent with Garza. (*Id.* p. 2.)

On May 29, 2019, the Government filed a brief suggesting that upon issuance of the mandate, this Court follow U.S. v. Sandoval, 409 F.3d 1193 (9th Cir. 2005). (*See Gov't Suggestion* [Doc. 50].) Sandoval explained that in lieu of an evidentiary hearing to determine whether the petitioner "really did tell his lawyer to appeal and his lawyer refused," the Government could choose not to oppose petitioner's claim and allow him to appeal. Id. at 1198. On June 17, 2019, the Ninth Circuit issued the mandate.

Based on the foregoing, the Court **ORDERS** as follows:

1. Petitioner's Petition [Doc. 29] is **GRANTED** with respect to his claim for ineffective assistance of counsel based on counsel's alleged failure to follow Petitioner's instruction to file a notice of appeal, and **JUDGMENT** shall be entered accordingly in favor of Petitioner in civil case 17-cv-513.

2. Attorney Robert H. Rexrode, III is **RELIEVED** as Petitioner's counsel.

3. The Court **REFERS** the matter to Magistrate Judge Barbara L. Major for the appointment of counsel for Petitioner.

4. The Clerk of the Court **SHALL VACATE** and **REENTER** the Judgement entered on July 5, 2016 [Doc. 22] in Petitioner's criminal case 16-cr-374.

**IT IS SO ORDERED**.

Dated: June 19, 2019

*[signature]*

Hon. Thomas J. Whelan
United States District Judge